**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| UNISYS CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-281C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| GENERAL ELECTRIC COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 99-172C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**MOTION OF THE DIRECTV GROUP, INC. FOR LEAVE TO FILE A BRIEF *AMICUS CURIE* ON THE "SURPLUS TRANSFER" ISSUES.**

The DIRECTV Group, Inc. respectfully moves this Court for leave to file on or before September 17, 2007, a Brief *Amicus Curiae* addressing the "surplus transfer" issues presented in the Motion for Summary Judgment of Unisys Corporation, and the Motion for Partial Summary Judgment on the Surplus Transfer Issue of General Electric Company, currently pending before this Court in the above captioned cases.

Counsel for Unisys Corporation and General Electric Company have advised that they do not oppose this Motion. Counsel for the United States has advised that the United States may oppose this Motion.

The grounds for this Motion are set forth below.

**MEMORANDUM IN SUPPORT OF THE**
**MOTION OF THE DIRECTV GROUP, INC. FOR LEAVE TO FILE**
**A BRIEF *AMICUS CURIE* ON THE "SURPLUS TRANSFER" ISSUES.**

The DIRECTV Group, Inc. ("DIRECTV") is the plaintiff in an action pending before this Court involving a Government claim for a segment closing adjustment pursuant to Cost Accounting Standard ("CAS") 413 in connection with DIRECTV's disposition of its defense and space business units to Raytheon Company and the Boeing Company, respectively. *The DIRECTV Group, Inc. v. The United States, No 04-1414C.* The above-captioned *Unisy*s and *General Electric* cases involve some of the same issues as those in the DIRECTV case.

DIRECTV originally filed its Complaint with this Court on September 3, 2004. Beginning on October 28, 2005, this Court issued a series of orders staying the DIRECTV case as requested by the parties to allow time for them to attempt to resolve the case. On January 2, 2006 DIRECTV provided to the Government a detailed actuarial analysis in an effort to facilitate resolution of the case, and the parties and their actuaries met thereafter to review that analysis. Over the next eighteen months, the Government requested and obtained from DIRECTV additional information, and reviewed and audited the DIRECTV analysis. Recently the parties met to discuss an amicable resolution of the matter. However, the Government then informed DIRECTV that it wished to conduct additional audits, including audits of submissions that DIRECTV provided to the Government years ago. This will necessarily delay any progress

towards a possible resolution of this matter until the Government completes its additional audits. The Government has not provided DIRECTV with a schedule for the completion of those audits.

Currently pending before this Court in the *Unisys* and *General Electric* cases are cross-motions by the parties requesting, *inter alia*, that the Court rule on the treatment of surplus pension assets transferred to the acquiring company in connection with the determination of whether any segment closing adjustment may be due the United States pursuant to CAS 413. This is also a central issue in the DIRECTV litigation. As a result of the Government's intent to conduct additional audits of DIRECTV's submissions, it now appears likely that this issue will be decided by this Court before any amicable resolution of the DIRECTV case could possibly be achieved. Accordingly, DIRECTV requests leave to file a Brief *Amicus Curiae* in the *Unisys* and *General Electric* cases in order to bring to the Court's attention DIRECTV's unique circumstances and the legal consequences that flow from them, which are highly relevant to the resolution of the surplus transfer issue.

An *amicus* brief is plainly appropriate in these circumstances. As Judge Richard Posner explained in the oft-cited case *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062,1063 (7th Cir. 1997):

> The term "amicus curiae" means friend of the court, not friend of a party. *United States v. Michigan*, 940 F.2d 143, 164-65 (6th Cir. 1991). We are beyond the original meaning now; an adversary role of an *amicus curiae* has become accepted. Id. at 165. But there are, or at least there should be, limits. *Cf. New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979). An *amicus* brief should normally be allowed when . . . the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

Here, DIRECTV both has an interest in another case that may be affected by the decision in the present case, and has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

First, the Court has coordinated the briefing of the surplus transfer issue in the *Unisys* and *General Electric* cases for the obvious purpose of having all of the relevant facts and legal arguments before it in order to render a coordinated, consistent decision. This Court has similarly coordinated briefing and permitted the filing of *amicus* briefs by parties to other pending cases on several CAS 413 issues, accepting, for example, *amicus* briefs from General Motors and General Electric on common issues in connection with the Summary Judgment Motion of Teledyne Inc. (*Teledyne, Inc. v. United States*, 50 Fed. Cl. 155 (2001), *aff'd*, 316 F.3d 1366 (Fed. Cir. 2003), *cert. denied*, 124 S.Ct. 804, 157 L.Ed.2d 732 (2003)); and *amicus* briefs of General Electric on interest rate issues in *General Motors Corp. v. United States*, No. 00-40C.

While a decision in the *Unisys* and *General Electric* cases would not have collateral estoppel or *res judicata* effect on DIRECTV, that all of these cases are pending before the same Judge distinguishes this situation from that presented in *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996) and *American Satellite Co. v. United States*, 22 Cl Ct. 547 (1991). In each of those cases, the Court recognized that a decision by one Judge of the Court would not bind any other Judge. Here, DIRECTV's ability to later litigate this same issue before the same Judge could be affected adversely by the decision in the present cases. Allowing DIRECTV to present to the Court its unique circumstances relevant to the issue will help prevent a decision that directly or indirectly precludes full litigation of these issues later.

Second, DIRECTV brings to the consideration of this issue a perspective and facts not presented by the other parties that can assist the Court in addressing these novel issues. Unlike other CAS 413 litigants, DIRECTV did not retain any employees or pension liabilities relating to

the closed and transferred segments. Instead, DIRECTV transferred the pension liabilities for all active and inactive employees of the closed segments, and strove to transfer to the purchasers all pension assets, including all surplus pension assets, attributable to the closed segments.

DIRECTV transferred over $3.2 *billion* in surplus pension assets to Raytheon and Boeing, although the Government's share of the pension surplus under CAS 413, calculated in accordance with this Court's *Teledyne* decision was only $205 *million*. Specifically, DIRECTV transferred to Raytheon $2,461,386,754 in surplus pension assets, although the Government's share of the pension surplus under CAS 413 was only $157,970,493. Thus, the surplus transferred to Raytheon was over *fifteen times* the Government's share. DIRECTV transferred $803,510,821 in surplus pension assets to Boeing, although the Government's share of the pension surplus under CAS 413 was only $47,513,833. Thus the surplus transferred to Boeing was over *sixteen times* the Government's share.

Boeing and Raytheon are two of the nation's largest Government contractors, and that surplus will continue to eliminate or reduce the pension costs under Government contracts for many years to come. Because DIRECTV transferred over *fifteen times* the Government's share of the surplus to the successor contractors, it is evident not only that the Government had the ability to protect its interest in the transferred surplus, but that the Government's interest in the surplus has been and will be more than adequately protected. Given the enormous over-transfer, the Government's effort to challenge DIRECTV's asset division and to claim a share of the very small portion of the surplus retained by DIRECTV would result, if successful, not in "protection" but in a windfall to the Government. DIRECTV seeks leave to file an *amicus* brief in order to fully present these circumstances to the Court.

The filing by DIRECTV of a brief *amicus curiae* on the surplus transfer issue will not unduly extend the resolution of this issue or these cases, each of which has been pending for

several years. Only recently has it become apparent to DIRECTV that amicable resolution of its suit will likely not be achievable before this Court rules on this issue in the *Unisys* and *General Electric* cases. The Motions of Unisys and General Electric were originally filed over nine months ago, on October 27, 2006. Briefing has not yet concluded, and the briefing schedule has been extended several times. Allowing DIRECTV until September 17, 2007, will result in no material delay. In a much more extreme situation, the Court in *Wolfchild v. United States*, 62 Fed. Cl. 521 (2004), allowed the filing of an *amicus* brief even after all briefing, a hearing, and post-hearing briefing had concluded, noting that the ensuing delay "has amounted to no more than several months." In contrast here, any potential delay in the resolution of this issue would be insignificant and should not prevent the Court's consideration of all relevant facts.

Counsel for Unisys and General Electric have advised that they do not oppose this motion. Counsel for the United States has advised that the United States may oppose this Motion.

## CONCLUSION

For the foregoing reasons, the Motion of DIRECTV should be granted. DIRECTV requests that this Court enter an order permitting DIRECTV to file on or before September 17, 2007, a Brief *Amicus Curiae* on the Surplus Transfer Issue in the cases of *Unisys v. United States*, No 05-281C, and *General Electric v. United States*, No. 99-172C.

Respectfully submitted,

OF COUNSEL:
Alan C. Brown
Enterprise Business Law Group LLC
8405 Greensboro Drive, Suite 210
McLean, Virginia 22102
(703) 584-3250
(703) 848-8333 (fax)

s/
Alexander F. Wiles
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010
(310) 203-7199 (fax)

Attorney of Record for
THE DIRECTV GROUP, INC.

Dated: August 15, 2007